**ADE CORPORATION, Plaintiff,**

**v.**

**KLA–TENCOR CORPORATION, Defendant.**

**No. CIV.A.00–892–KAJ.**

United States District Court, D. Delaware.

Aug. 15, 2003.

J. Andrew Huffman, Thomas Lee Halkowski, Fish & Richardson, P.C., Wilmington, DE, for plaintiff/counter–defendant.

Rudolf E. Hutz, Connolly, Bove, Lodge & Hutz, Wilmington, DE, for defendant/counter–claimant.

## MEMORANDUM ORDER

JORDAN, District Judge.

### I. INTRODUCTION

This is a patent infringement case involving U.S. Patent Nos. 5,226,118 (issued July 6, 1993) ("the '118 patent"), 5,883,-710 (issued Mar. 16, 1999) ("the '710 patent"), 6,081,325 (issued June 27, 2000) ("the '325 patent"), 6,118,525 (issued Sept. 12, 2000) ("the '525 patent"), 6,292,259 B1 (issued Sept. 18, 2001) ("the '259 patent"),

and 6,215,551 (issued Apr. 10, 2001) ("the '551 patent"). The ADE Corporation ("ADE") is the plaintiff and owner of the '525 and '259 patents. The KLA–Tencor Corporation ("KLA") is the defendant, counter-claimant, and owner of the '118, '710, '325, and '551 patents. The parties' patents disclose technology used in the detection of defects on the surface of silicon wafers or similar articles.

On August 8, 2002, the Magistrate Judge for this District construed the claims of the '118, '710, '325, '525 and '551 patents and disposed of several then pending summary judgment motions.[1] (Docket Item ["D.I."] 517 (amended September 9, 2002) (D.I. 546).) The parties' objected to portions of the Magistrate Judge's August 8, 2002 decision. On March 13, 2003, this Court addressed some of those objections and construed the '259 patent. (D.I. 650.) The parties' remaining objections are addressed here. In addition, the Court resolves the remaining summary judgment motions in the case. The Court reviews the Magistrate Judge's August 8, 2002 decision under Rule 72 of the Federal Rules of Civil Procedure. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a).

### II. APPLICABLE LAW

■ A magistrate judge's patent claim construction and decisions on dispositive motions are subject to plenary review. FED. R. CIV. P. 72(b) (dispositive motions); *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 979 (Fed.Cir.1995) (en banc), *aff'd,* 517 U.S. 370, 116 S.Ct. 1384, 134

---

1. The parties argued their claim construction positions as to the '525, '118, '710, '325, and '551 patents on May 6, 2002 before the Honorable Roderick R. McKelvie. Judge McKelvie retired from the bench thereafter, and the case was temporarily reassigned, on June 12, 2002, to the Magistrate Judge. On August 8, 2002, the Magistrate Judge issued an opinion providing recommendations on the construction of the claims of the '525,-'118, '710, '325, and '551 patents and the disposition of several summary judgment motions. (D.I. 517 (amended Sept. 9, 2002) (D.I. 546).) The case was assigned, on January 6, 2003, to the undersigned.

L.Ed.2d 577 (1996) (patent claim construction is a question of law); *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) (a district court exercises plenary review of a magistrate judge's rulings of law).

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A court draws all reasonable inference in favor of the non-movant. *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). A material fact is genuinely in dispute when the evidence before a court demonstrates that a reasonable jury could find in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. THE PARTIES' OBJECTIONS TO THE MAGISTRATE JUDGE'S AUGUST 8, 2002 DECISION

### A. *The '525 Patent*

#### 1. *ADE's Objections*

ADE objects to the Magistrate Judge's construction of the phrase "oblique zone" as used in the claims of the '525 patent. (D.I. 533 at 5–22.) On March 13, 2003, the Court adopted the Magistrate Judge's construction of that phrase, thus, disposing of ADE's objection. *ADE Corp. v. KLA–Tencor Corp.*, 252 F.Supp.2d 40, 55–62 (D.Del.2003).

#### 2. *KLA's Objections*

KLA objects to the Magistrate Judge's construction of "workpiece", the "scanning" limitation, "central zone", and "comparing said signals". (D.I. 531 at 3–5.) In addition, KLA objects to the Magistrate Judge's denial of KLA's partial summary judgment motion of invalidity of the '525 patent for lack of written description (D.I. 282) and partial summary judgment motion of invalidity of the '525 patent for obviousness (D.I. 335). ADE, in contrast, asserts that those findings by the Magistrate Judge were correct. (D.I. 543 at 1–10.) The Court addresses each contention, in turn.

The Magistrate Judge construed "workpiece" to mean "[a] silicon wafer or similar article susceptible to particle and crystalline originate pit ('COP') defects." *ADE Corp.*, 220 F.Supp.2d at 310–12. The Court adopts that construction, as modified herein.

KLA argues that the Magistrate Judge's construction of "workpiece" renders the use of the word "pit" in the claims interchangeable with the phrase "crystalline originate pit" and, in so doing, rewrites the patent claims. The Court agrees. The claims do not use the phrase "crystalline originate pit". Instead, the claims employ the word "pit". The Court, however, agrees with the remainder of the Magistrate Judge's reasoning. Accordingly, the Court construes "workpiece" to mean a silicon wafer or similar article susceptible to particle and pit, e.g., crystalline originate pit ("COP"), defects.

The Magistrate Judge construed "scanning the surface of the workpiece" to mean "[t]he entire surface of the workpiece is inspected through relative motion of the incident beam of P-polarized light and/or the workpiece being inspected. The phrase is broad enough to encompass rotation and translation of the workpiece during scanning." *ADE Corp.*, 220 F.Supp.2d at 312–13. The Court adopted the Magistrate Judge's construction in its March 13,

2003 decision. *ADE Corp.*, 252 F.Supp.2d at 62–65.

■ The Magistrate Judge construed "central zone" to mean "a light collecting zone positioned to collect light generally scattered in the normal direction...." *ADE Corp.*, 220 F.Supp.2d at 316–19. The Court adopts that construction.

KLA objects to the Magistrate Judge's construction on the basis that "by not requiring the collection of light in the normal direction, the 'central zone' becomes indistinguishable from the 'second oblique zone.' " (D.I. 531 at 5.) The Court, however, disagrees. As the Magistrate Judge noted, "[t]he '525 disclosure teaches that the... [invention] possess more than one light collection apparatus...." *ADE Corp.*, 220 F.Supp.2d at 317. The claims contain no language limiting the "central zone" to the strict collection of light in the normal direction, as asserted by KLA.

■ The Magistrate Judge construed "comparing said signals" as to "not exclude the functions of normalization and subtraction." *ADE Corp.*, 220 F.Supp.2d at 313–14. The Court adopts that construction.

KLA argues that "comparing said signals" should be construed to limit the functions of "normalization and subtraction." (D.I. 531 at 5.) As the Magistrate Judge noted, however, KLA's bases for arguing for exclusion, i.e., statements made by the inventors during prosecution of the '525 patent, do not warrant the limitation it seeks. *ADE Corp.*, 220 F.Supp.2d at 313–14. Indeed, as the Magistrate Judge concluded, KLA's assertions are taken out of context. *Id.*

The Magistrate Judge also denied KLA's motion for partial summary judgment of invalidity of the '525 patent for lack of written description (D.I. 282) and KLA's motion for partial summary judgment of invalidity of the '525 patent for

obviousness (D.I. 335). *ADE Corp.*, 220 F.Supp.2d at 340–41. The Magistrate Judge thereafter vacated her decision on KLA's motion for partial summary judgment of invalidity of the '525 patent for obviousness. (D.I. 606.) And, in turn, ADE objects to that decision of the Magistrate Judge. (D.I. 618.)

■ The Court adopts the Magistrate Judge's denial KLA's motion for partial summary judgment of invalidity of the '525 patent for lack of written description (D.I. 282). The Court also finds that the Magistrate Judge properly vacated her decision (D.I. 606) on the KLA's motion for partial summary judgment of invalidity of the '525 patent for obviousness (D.I. 335). That decision, therefore, is also adopted by the Court and ADE's objection to that decision (D.I. 618) is denied. The Court finds, however, that a material question of fact remains as to whether the '525 patented invention is obvious. That is, material questions of fact exist as to what the prior art references cited by KLA teach those of ordinary skill in the art. Accordingly, KLA's motion for partial summary judgment of invalidity of the '525 patent for obviousness (D.I. 335) is denied. Similarly, ADE's cross-motion for partial summary judgment of non-obviousness (D.I. 376) is denied.

Furthermore, to address a continuing dispute between the parties, the Court denies ADE's motion for partial summary judgment that the Eremin paper does not qualify as prior art. (D.I. 321.) The Court finds that material facts remain as to whether the Eremin paper qualifies as prior art.

### B. *The '325 Patent*

#### 1. *ADE's Objections*

ADE objects to the Magistrate Judge's finding that the preambles of claims 36

and 43 of the '325 patent do not limit those claims, and ADE also objects to the Magistrate Judge's construction of the phrase "providing a map". (D.I. 533 at 22–35.) Specifically, ADE asserts that the phrase "anomalies, such as particle or pattern defects" in the preambles of claims 36 and 43 limit the claims. (*Id.* at 29–33.)

KLA asserts that the Magistrate Judge's findings are correct and that ADE's additional grounds for non-infringement of the '325 patent lack merit. (D.I. 545 at 13–18.) In particular, KLA contends that "ADE's objection...does not address" the Magistrate Judge's findings (*id.* at 14) and that the Magistrate Judge's construction of "providing a map" is correct because "it was evident from reading the plain language of the claim that 'maps' are provided from 'stored sensor output signals' and are compared to identify anomalies." (*Id.* at 16.)

The Magistrate Judge found that the preambles of claims 36 and 43 do not limit the claims and construed the phrase "providing a map" to mean "that different 'maps' may be generated by the processor." *ADE Corp. v. KLA–Tencor Corp.,* 220 F.Supp.2d 303, 319–21, 321–23 (D.Del.2002). The Court adopts those determinations.

■■■ A preamble limits a patent claim when "patentability depends on limitations stated in the preamble...or when the preamble contributes to the definition of the claimed invention...." *C.R. Bard, Inc. v. M3 Sys., Inc.,* 157 F.3d 1340, 1350 (Fed. Cir.1998). A preamble does not limit a patent claim where it "simply states the intended use or purpose of the invention...." *Id.* As the Magistrate Judge correctly noted, patentability of the '325 patent does not rest on the preambles of claim 36 and 43. *ADE Corp.,* 220 F.Supp.2d at 320–21 ("It is not necessary to read the preamble[s]...to under-

stand...[the] invention."). Instead, the preambles merely convey to the reader the intended use and purpose of the invention.

■■■ Further, the Court is of the opinion that the Magistrate Judge's construction of "providing a map" accurately reflects the use of that phrase in the '325 patent claims. For example, the written description of the '325 patent provides that "[t]he processor... constructs maps from the signals produced.... The processor compares the maps...either in the analog domain or digitally.... The processor forms composite maps.... The composite maps are then compared...so that the processor may classify the anomalies...." ('325 Patent at col. 14 I. 58 to col. 15 I. 4.) Additionally, claim 36 of the '325 patent has as an element "a processor providing a plurality of maps by providing a map from said stored sensor output signals...and comparing at least two of the maps for identifying anomalies." ('325 patent at col. 18 II. 43–47.)

### 2. *KLA's Objections*

KLA objects to the Magistrate Judge's construction of "identifying anomalies" and partial summary judgment finding that ADE does not infringe the '325 patent. (D.I. 8–12.)

■■■ The Magistrate Judge construed "identifying anomalies" to mean "identifying the presence or absence, as the case may be, of anomalies on the surface of a silicon wafer or similar article." *ADE Corp.,* 220 F.Supp.2d at 321–23. The Magistrate Judge found further that since ADE's accused product did not satisfy that claim limitation, partial summary judgment of non-infringement was warranted. *Id.* at 341–42. The Court adopts the Magistrate Judge's construction and agrees with her partial summary judgment finding.

KLA argues that the Magistrate Judge's construction is lacking because it does not require the identification of "anomalies by type (e.g., pit or particle)". (D.I. 531 at 8.) Since this is "what the preferred embodiment described in the '325 Patent is directed toward", KLA argues, the Magistrate Judge should have made that limitation a part of her construction. (Id.) KLA argues further that the Magistrate Judge's construction is inconsistent with the plain meaning of "identify". (Id. at 9.) Furthermore, asserts KLA, the Magistrate Judge improperly read into the construction "the presence or absence of", thus, improperly limiting the claim scope. (Id.) Moreover, KLA contends that, if "identifying anomalies" is properly construed, then ADE's accused product infringes the '325 patent and, therefore, the Magistrate Judge's summary judgment decision of non-infringement was incorrect. (Id. at 9–12.)

ADE, in contrast, asserts that the Magistrate Judge's construction was proper and is supported by the record. (D.I. 543 at 3.) In particular, ADE calls attention to discussion in the written description of the '325 patent dealing with "classifying" and "identifying" and the use of "detection" in the preamble of the relevant claims. (Id.) Therefore, ADE contends, the Magistrate Judge's construction is supported and summary judgment of non-infringement was proper. (Id. at 3–10.) The Court agrees.

■ Although the Magistrate Judge may not have needed to use the exact phrase "the presence or absence of" to convey the meaning of the construed language, part of the parties' dispute centers on the meaning of the word "identifying". Since the act of "identifying" necessitates a determination as to "the presence or absence of" something, the Court does not characterize that phrase as limiting the construed language in any greater fashion than does the word "identifying". In addition, the Court finds that the Magistrate Judge did have sufficient evidence and justification for her construction of the phrase. Further, the Court finds that KLA's assertion that the identification of anomalies by type would improperly read a limitation into the phrase "identifying anomalies" that is not present in the language. Therefore, since ADE's accused product does not satisfy the claims as construed, the Magistrate Judge's grant of ADE's motion for partial summary judgment of noninfringement of KLA's '325 patent (D.I. 332) was proper and is adopted.

## C.  The '710 Patent

■ ADE objects to the Magistrate Judge's construction of "plurality of arrays of scan path segments", arguing that the Magistrate Judge misunderstood the meaning of "plurality of arrays". (D.I. 533 at 35–37.) KLA also objects to the Magistrate Judge's construction of that phrase, arguing that the Magistrate Judge's construction improperly limits the claim to the preferred embodiment of the invention. (D.I. 531 at 12.) In addition, KLA objects to the Magistrate Judge's decision granting ADE's motion for partial summary judgment of non-infringement of the '710 patent based upon the construction of that phrase. (Id. at 12–13.)

The Court agrees that the Magistrate Judge improperly construed the phrase "plurality of arrays of scan path segments" by reading unnecessary limitations into its construction. Therefore, the Magistrate Judge's decision on summary judgment was based on an erroneous construction, and the Court does not adopt it. Instead, the Court construes "plurality of arrays of scan path segments" to mean two or more rectangularly arranged scan path segments. The Court finds this construction necessary as the word "array" has multiple meanings and the one best supported by

the written description of the '710 patent and its Figures is the one adopted by the Court. For example, the written description and Figures 3 and 4 of the patent describe and depict a rectangular scan composed of different scan path segments. ('710 Patent at col. 6 10–61, Figure 3, Figure 4.)

■ Applying the Court's construction of "plurality of arrays of scan path segments" to ADE's motion for partial summary judgment of non-infringement (D.I. 325), however, mandates that the Court grant the motion. As KLA observes, ADE's accused product performs spiral scans of the surface. (D.I. 531 at 13.) Accordingly, the accused product does not have, literally or equivalently, two or more rectangularly arranged scan path segments.

### D. The '551 Patent

#### 1. ADE's Objections

ADE objects to the Magistrate Judge's construction of "an angle". (D.I. 533 at 37–39.) ADE argues that the construction is improper because it is the same construction the Magistrate Judge adopted for the phrase "grazing angle". (Id.) Therefore, ADE contends that since an identical construction for the two phrases creates a redundancy in the claims it cannot be correct. (Id.) KLA, in contrast, argues that the construction is correct, notwithstanding and redundancy, and relies on much of the same reasoning applied by the Magistrate Judge for support. (D.I. 545 at 21–23.) The Court agrees with KLA.

■ The Magistrate Judge construed "an angle" to mean "any other angle other than an angle normal to the surface being inspected." *ADE Corp.*, 220 F.Supp.2d at 324–25. Although the Court recognizes that the Magistrate Judge's construction is identical to her construction of "grazing angle" and that it does create a

redundancy in the claims to some extent, the Court, nonetheless, finds, as did the Magistrate Judge, *id.*, that it is a redundancy required, given the inventors' disclosure. Accordingly, the Magistrate Judge's construction is adopted.

#### 2. KLA's Objections

■ KLA objects to the Magistrate Judge's construction of "plurality of scan path segments", arguing that the construction improperly reads a limitation into the phrase. (D.I. 531 at 13–14.) ADE, on the other hand, contends that the Magistrate Judge did not read a limitation into the construction of the phrase because the so called "limitation" is an implicit requirement. (D.I. 543 at 11.)

The Magistrate Judge construed "plurality of scan path segments" to mean "more than one distinct scan segment with a width of spot 10." *ADE Corp.*, 220 F.Supp.2d at 325–27. KLA argues that the addition of the phrase "a width of spot 10" is an improper limitation. (D.I. 531 at 13–14.) ADE asserts that the phrase "a width of spot 10" is implicit since the "scan path segment" must, of necessity, have a width equal to the spot produced by the light beam performing the scan. The Court agrees that this is a necessary implication; however, use of the phrase "a width of spot 10" was unnecessary. Therefore, the Court construes the phrase "plurality of scan path segments" to mean more than one distinct scan segment, and otherwise adopts the reasoning of the Magistrate Judge in her construction of the phrase.

### E. The '118 Patent

■ KLA objects to the Magistrate Judge's construction of "gallery definition means". (D.I. 531 at 14.) KLA asserts that the Magistrate Judge improperly used the mandatory term "will" instead of the permissive term "may" in her construction. (*Id.* at 14–16.) ADE maintains that the

Magistrate Judge's construction was correct. (D.I. 543 at 11–12.) The Court agrees with KLA.

The Magistrate Judge found that the " 'gallery definition means' is supported by the structure of conventional computer hardware and software with the function of determining what items will be displayed by the 'gallery display means'." The Magistrate Judge's use of the mandatory word "will" was unnecessary. The Court adopts the Magistrate Judge's construction of the phrase in all other respects and modifies her construction, accordingly. Therefore, as used in the claims, the "gallery definition means" is supported by the structure of conventional computer hardware and software with the function of determining what items may be displayed by the "gallery display means" of the claims.

## IV. SUMMARY JUDGMENT MOTIONS

### A. *KLA's Motion for Partial Summary Judgment of Invalidity of the '259 Patent for Obviousness and ADE's Cross–Motion of Non–Obviousness*

KLA asserts that the '259 patent is obvious in view of the prior art, and moves for partial summary judgment of invalidity for obviousness. (D.I. 584.) ADE counters this allegation and cross-moves for partial summary judgment of non-obviousness. (D.I. 602.) The Court denies KLA's motion (D.I. 584) and denies ADE's (D.I. 602).

An inventor is not entitled to a patent "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a).

The '259 patent and the '525 patents share an identical disclosure, as the pat-

ents are related. As the Court noted when addressing similar motions filed with regard to the '525 patent, material facts exist as to whether the prior art renders the '525 patent obvious. Although the claims of the two patents differ, similar material facts exists with regard to the '259 patent. For example, a material question remains as to what the asserted prior art references would have taught to one of ordinary skill in the art. Accordingly, the Court denies KLA's motion (D.I. 584) and denies ADE's (D.I. 602).

### B. *KLA's Motion for Partial Summary Judgment of Invalidity of the '259 Patent Under 35 U.S.C. § 112, ¶1*

KLA asserts that the '259 patent is invalid for failure to satisfy the written description requirement of 35 U.S.C. § 112, ¶1 (D.I. 587). KLA raised a similar motion with regard to the '525 patent (D.I. 282), which was denied by the Magistrate Judge (D.I. 518) and adopted by this Court in this Memorandum Order. As previously stated, the '259 and '525 patents share the same disclosure. Accordingly, since KLA's motion with respect to the '259 patent is akin to KLA's previously denied motion with regard to the '525 patent, and because material facts remain as to whether the '259 patent satisfies the written description requirement of 35 U.S.C. § 112, ¶1, KLA's motion (D.I. 587) is denied.

### C. *KLA'S Motion for Partial Summary Judgment of Non-infringement of the '259 Patent by KLA's SP1–TBI Device and KLA's Motion for Partial Summary Judgment of Non-infringement of the '259 Patent by KLA's SP1–TBI and SP1–DLS Devices*

KLA asserts that its SP1–TBI device does not infringe the '259 patent be-

cause the device does not satisfy the "oblique zone" limitation as construed by the Court. (D.I. 567.) ADE does not dispute this fact (D.I. 582 at 3 ("ADE determined...[that] under the Court's current construction [of oblique zone], an assertion of infringement against the SP1–TBI was not appropriate.").). The Court agrees. Under the Court's construction of "oblique zone", KLA's SP1–TBI device does not infringe the '259 patent because it fails to meet that claim limitation. Accordingly KLA's (D.I. 566) motion is granted.

KLA also asserts that its SP1–TBI and SP1–DLS devices do not infringe the '259 patent because they do not satisfy the "scanner" and/or "second collector" limitations as those terms are construed by the Court. (D.I. 591.) ADE counters those allegations by asserting that the SP1–DLS device may still infringe the patent under the Court's construction of those terms.

■ Having determined that the KLA's SP1–TBI device does not infringe the '259 patent, the Court addresses KLA's motion in terms of the SP1–DLS device only and considers the motion moot with regard to the SP1–TBI device. Further, the Court agrees with ADE that a material fact remains as to whether KLA's SP1–DLS device infringes the '259 patent.

On March 13, 2003, the Court construed "scanner" to mean "a component or combination of components employing a deflector such as an acousto-optical deflector for directing the beam of P-polarized light along a relatively narrow scan path...." *ADE Corp.*, 252 F.Supp.2d at 65. The Court, on March 13, 2003, also construed "collector" to mean "compound lenses are other lens arrangement." *Id.* at 66. As noted by ADE (D.I. 638 at 1), a material fact exists as to whether the SP1–DLS device meets those elements under a theory of equivalency. Although, KLA opposes such a result, arguing that ADE's ex-

pert's opinion on the issue of equivalency should be stricken (D.I. 610 at 5–7), the facts of this case do not warrant such an outcome. KLA's characterization of ADE's expert's prior statements appears to take those statements out of context. Accordingly, KLA's motion (D.I. 590) is moot as to the SP1–TBI device and denied as to the SP1–DLS device.

D. *KLA's Motion for Partial Summary Judgment of Non–Willful Infringement of the '525 Patent and KLA's Motion to Dismiss ADE's Claims of Willful Infringement of the '525 and '259 Patents*

The Magistrate Judge found that KLA's motion for partial summary judgment of non-willful infringement of the '525 patent (D.I. 249) was moot. The Court adopts that finding. KLA also filed a motion to dismiss ADE's claims of willful infringement in terms of both the '525 and '259 patents (D.I. 253). The Magistrate Judge found the motion moot as to the '525 patent in the Order accompanying her August 8, 2002 decision. The Court adopts the Magistrate Judge's finding in that regard.

As to the '259 patent, the Court denies KLA's motion to dismiss (D.I. 253). A motion to dismiss is warranted if a party "fail[ ][s] to state a claim upon which relief can be granted...." FED. R. CIV. P. 12(b)(6). Thus, a grant of a motion to dismiss is only proper where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). KLA has failed to demonstrate entitlement to dismissal under that standard.

## V. CONCLUSION

For the reasons provided, IT IS HEREBY ORDERED that:

1. The parties' objections (D.I. 531, 533) to the Magistrate Judge's August 8, 2002 Report and Recommendation (D.I. 517) as amended September 9, 2002 (D.I. 546) are denied in part and granted in part.

2. The Magistrate Judge's construction of "workpiece" is adopted with modification. "Workpiece" means a silicon wafer or similar article susceptible to particle and pit, e.g., crystalline originate pit ("COP"), defects.

3. The Magistrate Judge's construction of "central zone" is adopted. "Central zone" means a light collecting zone positioned to collect light generally scattered in the normal direction.

4. The Magistrate Judge's construction of "comparing said signals" is adopted. "Comparing said signals" is construed to not exclude the functions of normalization and subtraction.

5. The Magistrate Judge's denial of KLA's motion for partial summary judgment of invalidity of the '525 patent for lack of written description (D.I. 282) is adopted.

6. The Magistrate Judge's December 10, 2002 decision (D.I. 606) to vacate her denial of KLA's motion for partial summary judgment of invalidity of the '525 patent for obviousness (D.I. 335) is adopted. Accordingly, ADE's objection to that decision (D.I. 618) is denied. However, the Court denies KLA's motion for partial summary judgment of invalidity of the '525 patent for obviousness (D.I. 335). Further, ADE's cross-motion for partial summary judgment of non-obviousness (D.I. 376) is denied.

7. ADE's motion for partial summary judgment that the Eremin paper does not qualify as prior art (D.I. 321) is denied.

8. The Magistrate Judge's finding that the preambles of claims 36 and 43 of the '325 patent do not limit the claims is adopted.

9. The Magistrate Judge's construction of "providing a map" is adopted. "Providing a map" means that different "maps" may be generated by the processor.

10. The Magistrate Judge's construction of "identifying anomalies" is adopted. "Identifying anomalies" means identifying the presence or absence, as the case may be, of anomalies on the surface of a silicon wafer or similar article.

11. The Magistrate Judge's grant of ADE's motion for partial summary judgment of noninfringement of KLA's '325 patent (D.I. 332) is adopted.

12. The Magistrate Judge's construction of "plurality of arrays of scan path segments" is not adopted. "Plurality of arrays of scan path segments" means two or more rectangularly arranged scan path segments.

13. The Magistrate Judge's grant of ADE's motion for partial summary judgment of noninfringement of KLA's '710 patent (D.I. 325) is not adopted. However, ADE's motion for partial summary judgment of noninfringement (D.I. 325) is granted based upon the Court's construction of the phrase "plurality of arrays of scan path segments".

14. The Magistrate Judge's construction of "an angle" is adopted. "An angle" means any other angle other

than an angle normal to the surface being inspected.

15. The Magistrate Judge's construction of "plurality of scan path segments" is not adopted. "Plurality of scan path segments" means more than one distinct scan segment. The Court otherwise adopts the reasoning of the Magistrate Judge.

16. The Magistrate Judge's construction of "gallery definition means" is adopted with modification. "Gallery definition means" is supported by the structure of conventional computer hardware and software with the function of determining what items may be displayed by the "gallery display means" of the claims.

17. KLA's motion for partial summary judgment of the '259 patent for obviousness (D.I. 584) is denied.

18. ADE's cross-motion of non-obviousness of the '259 patent (D.I. 602) is denied.

19. KLA's motion for partial summary judgment of invalidity of the '259 patent under 35 U.S.C. § 112, ¶ 1 (D.I. 587) is denied.

20. KLA's motion for partial summary judgment of non-infringement of the '259 patent by KLA's SP1–TBI device (D.I. 566) is granted, as KLA's SP1–TBI device does not satisfy the "oblique zone" limitation.

21. KLA's motion for partial summary judgment of non-infringement of the '259 patent by KLA's SP1–TBI and SP1–DLS devices (D.I. 590) is moot as to the SP1–TBI device and denied as to the SP1–DLS device.

22. The Magistrate Judge's finding that KLA's motion for partial summary judgment of non-willful infringement of the '525 patent (D.I. 249) is moot is adopted by the Court.

23. The Magistrate Judge's finding that KLA's motion to dismiss ADE's claims of willful infringement of the '525 and '259 patents (D.I. 253) is moot as to the '525 patent is adopted. As to the '259 patent, the motion (D.I. 253) is denied.